**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEVEN FISHMAN,

      Defendant-Appellant.

No. 15-5035
(D.C. Nos. 4:12-CV-00607-CVE-TLW
and 4:07-CR-00195-CVE-4)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

---

Before **GORSUCH**, **McKAY,** and **BACHARACH**, Circuit Judges.

---

A federal jury convicted Steven Fishman of two conspiracy charges based on his role in a long-running scheme to unload worthless bonds on unwitting investors. After this court affirmed the conviction and sentence, *see United States v. Fishman*, 645 F.3d 1175 (10th Cir. 2011), Mr. Fishman filed a habeas petition under 28 U.S.C. § 2255 seeking relief on a number of grounds. The district court rejected each of Mr. Fishman's arguments in a detailed 48-page order and then proceeded to reject his request for a certificate of appealability in a separate order. It's this request Mr. Fishman now asks us to revisit. But we may grant a

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

COA only if "jurists of reason would find it debatable whether the district court was correct." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c). And so much we cannot say in this case. All the arguments Mr. Fishman seeks to present to this court are premised on the notion that the government lacked Article III standing to pursue the case against him. But, as the district court noted when denying Mr. Fishman's initial COA request, even viewing his lengthy § 2255 petition with liberality this argument was not among the many fairly presented there. And a district court cannot be debatably wrong on issues that are not fairly presented to or decided by it. *See, e.g.*, *Sanders v. Miller*, 555 F. App'x 750, 751 (10th Cir. 2014) (declining to indulge a COA request premised on an argument "never raised . . . before the district court"); *see also United States v. Scruggs*, 691 F.3d 660, 667 (5th Cir. 2012) (finding "no reason why a § 2255 movant hoping to raise a jurisdictional challenge to his conviction on collateral review should be excused from including the claim in his § 2255 motion").

Mr. Fishman's request for a COA and his motion for leave to proceed *in forma pauperis* are denied. This appeal is dismissed. Mr. Fishman is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

- 2 -