FILED
United States Court of Appeals
Tenth Circuit

June 22, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRED CLIFTON,

Defendant - Appellant.

No. 18-4021
(D.C. Nos. 2:17-CV-01153-DAK and
2:15-CR-00151-DAK-1)
(D. Ct. Utah)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **PHILLIPS**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

On March 18, 2015, Fred Clifton was indicted in the District of Utah with aggravated sexual abuse of a child in violation of 18 U.S.C. § 2241(c). On April 29, 2015, he was arrested pursuant to a warrant at his home in Mississippi. He made his initial appearance before a magistrate judge in the Southern District of Mississippi. On May 6, 2015, the judge held an identity and detention hearing per Clifton's request. He found Clifton to be the defendant named in the indictment and granted his bond request. Clifton was released on bond with electronic monitoring on May 11, 2015, and appeared in the District of Utah for arraignment on June 3, 2015. On April 5, 2016, the government filed a superseding information charging Clifton with traveling with intent to

engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). The next day, he pled guilty to the information. He was eventually sentenced to 54 months imprisonment. He did not file a direct appeal.

His pro se 28 U.S.C. § 2255 motion[1] raised two claims: (1) the warrant for his arrest was not signed by a judge nor was it based on probable cause in violation of the Fourth Amendment and (2) his trial counsel was ineffective for failing to challenge the defective arrest warrant. The judge denied the motion. He concluded the first claim was barred by Clifton's plea agreement, which waived his right to bring a § 2255 motion "except on the issue of ineffective assistance of counsel." (R. Vol. 1 at 21 (quotation marks omitted).) As to the second (which was not waived by the plea agreement), he decided counsel was not ineffective for failing to raise a frivolous argument. Because the arrest warrant was issued on an indictment pursuant to Fed. R. Crim. P. 9, it "'must conform to [Fed. R. Crim. P. 4(b)(1)] except that it must be signed by the clerk and must describe the offense charged in the indictment or information." (*Id*. at 22 (quoting Fed. R. Crim. P. 9(b)(1).) The warrant did so—it "was issued on the same date as the indictment, it includes a short description of the offense, and is signed by the deputy court clerk." (*Id*.) The judge also denied a certificate of appealability (COA), prompting Clifton to renew his request here.[2]

---

[1] We have liberally construed Clifton's pro se pleadings, stopping short, however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2] The district court entered judgment on December 7, 2017. Clifton's notice of appeal was due by February 5, 2018. *See* Fed. R. App. P. 4(a)(1)(B)(i) (notice of appeal

- 2 -

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). Clifton has not met his burden.

He does not address the merits of the judge's decision. Instead, he complains the judge erred in denying him the right to file a traverse brief and to present evidence supporting his claims. But he does not suggest, and we fail to see, how a traverse brief would have helped him; he also does not indicate what evidence he could have presented that would have produced a different result. To the extent his traverse brief would have raised the same arguments he now raises in his COA application, those arguments were never raised in his § 2255 motion.[3] He is not entitled to a COA on those issues. "[A]

---

in a civil case must be filed within 60 days after entry of judgment if one of the parties is the United States); *see also United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (noting Fed. R. App. P. 4(a)'s civil time limits apply to § 2255 proceedings). He did not file it until February 9, 2018. Nevertheless, the notice is timely under the prison mailbox rule because Clifton provided (1) evidence that the notice was deposited in the prison's internal mail system on February 5, 2018, and that the postage was prepaid and (2) a declaration under penalty of perjury to that effect. *See* Fed. R. App. P. 4(c).

[3] In his COA application, he argues for the first time that counsel was ineffective for failing to investigate his claims and, had she investigated, she would have discovered the following: (1) the arrest warrant was allegedly signed by the clerk on March 18, 2015, but was not docketed until June 2, 2015, thereby indicating there was no valid warrant at

district court cannot be debatably wrong on issues that are not fairly presented to or decided by it." *United States v. Fishman*, 608 F. App'x 711, 712 (10th Cir. 2015) (unpublished); *see also Sanders v. Miller*, 555 F. App'x 750, 751 (10th Cir. 2014) (unpublished) (declining to issue a COA on an argument "never raised . . . before the district court")*; United States v. Cook*, 997 F.2d 1312, 1316 (10th Cir. 1993) ("In the present appeal, Defendant raises thirty-one grounds for relief.  To the extent that he failed to raise these grounds in his § 2255 motion to the district court, he has waived them.").

Because no jurist of reason could reasonably debate the correctness of the result reached by the district court and Clifton does not argue otherwise, we **DENY** a COA and **DISMISS** this matter.

The judge granted Clifton's request to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*).  Nevertheless, the relevant statute does not permit litigants to avoid payment of fees; only prepayment of fees is excused.  *See* 28 U.S.C. § 1915(a) (allowing courts to authorize the commencement of a civil or criminal suit or appeal "without *prepayment* of fees or security therefor") (emphasis added).  All filing and

---

the time of his April 28 arrest; (2) the warrant indicates he was arrested on April 29, 2015, but he was arrested on April 28, 2015; (3) the warrant fails to provide the location of his arrest; (4) he was not shown a copy of the warrant at the time of his arrest even though he requested to see it; (5) the booking officer could not find a recorded warrant; (6) he was not arraigned within 48 hours of his arrest; and (7) he never requested an identity and detention hearing in the District of Mississippi.

docketing fees ($505.00) are due and payable to the Clerk of the District Court.


**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge