FILED
United States Court of Appeals
Tenth Circuit

September 24, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN DOUGLAS MCCARY,

      Petitioner - Appellant,

v.

SEAN FOSTER, Warden; CYNTHIA
COFFMAN, Attorney General of the State
of Colorado,

      Respondents - Appellees.

No. 17-1416
(D.C. No. 1:16-CV-01861-MSK)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **PHILLIPS**, **MCKAY**, and **O'BRIEN**, Circuit Judges.

Steven Douglas McCary entered his ex-wife's home, argued with her, and refused to leave. He pinned her down while punching the floor next to her head. He was convicted by a Colorado jury in Case No. 06-CR-997 of first degree criminal trespass and misdemeanor menacing. He was adjudicated a habitual criminal under Colo. Rev. Stat. § 18-1.3-801 and sentenced to a total term of 12 years imprisonment.[1] The Colorado Court

---

[1] The judgment does not reflect a sentence for the menacing conviction, a Class 3 misdemeanor with a minimum sentence of a $50 fine. *See* Colo. Rev. Stat. §§ 18-1.3-501(1), 18-3-206. However, the 12-year sentence obviously resulted from the criminal

of Appeals (CCA) affirmed. The state trial court denied his subsequent motion for post-conviction relief and the CCA affirmed that denial.

On a separate occasion, a neighbor observed McCary, who was then out on bond in 06-CR-997, inside his ex-wife's house when she was not there. One of the conditions of his bond prohibited him from entering her home. McCary was later convicted by a Colorado jury in Case No. 06-CR-1641 of first degree criminal trespass and violation of bail bond conditions. He was sentenced as a habitual criminal to 12 years imprisonment on the trespass count and to a concurrent term of 6 years imprisonment for violating bail bond conditions. The sentencing judge ordered the 6-year sentence for violating bail bond conditions to run consecutive to the sentence in 06-CR-997 but was silent as to whether the trespass sentence would run concurrent with or consecutive to the sentence in 06-CR-997. As a result, it was presumed to run concurrent with that sentence; the judge also concluded McCary was entitled to 771 days of pretrial sentence confinement credit (PSCC). Later, upon the State's motion, the judge clarified that the trespass sentence was to run consecutive to the sentence in 06-CR-997, amended the judgment, and reduced the PSCC to 6 days. The CCA affirmed on direct appeal but in post-conviction proceedings concluded the amendment of the trespass sentence violated double jeopardy in that it improperly increased his sentence; the trial judge corrected the judgment accordingly.

---

trespass conviction, a Class 5 felony with a presumptive maximum sentence of 3 years. *See* Colo. Rev. Stat. §§ 18-1.3-401(1)(a)(V)(A), 18-4-502. Because McCary had more than three prior felony convictions, Colorado's habitual criminal statute required the sentencing court to sentence him to four times the maximum of the presumptive range (12 years). *Id*. § 18-1.3-801(2)(a)(I)(A).

McCary filed a pro se 28 U.S.C. § 2254 habeas petition challenging his convictions in both 06-CR-997 and 06-CR-1641.[2] He alleged: (1) the state trial judge violated his Fifth and Fourteenth Amendment rights by sentencing him as a habitual criminal, ordering his sentences to run consecutively, and reducing his PSCC to 6 days; (2) his trial attorneys (R.I. in 06-CR-997 and G.F. in 06-CR-1641) were constitutionally ineffective in failing to present impeachment evidence at trial, to wit, his ex-wife's perjured testimony in unrelated proceedings,[3] and (3) the prosecutor in 06-CR-997 failed to disclose his ex-wife's arrest record, drug and alcohol use, and perjured testimony in violation of law laid down in *Brady v. Maryland*, 373 U.S. 83 (1963).

The district judge concluded McCary had failed to exhaust the sentencing claims in state court. *See* 28 U.S.C. § 2254(b)(1) (requiring § 2254 petitioners to exhaust their state court remedies). But allowing him to return to state court to exhaust them now, she reasoned, would be futile because the state court would decline to consider them as either time-barred, *see* Colo. Rev. Stat. § 16-5-402(1) (requiring petitions for post-conviction relief to be filed within three years for all non-Class 1 felonies), or because they could have been presented earlier, *see* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal . . . or postconviction proceeding

---

[2] We have liberally construed McCary's pro se pleadings, stopping short, however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[3] The alleged impeachment evidence consisted of his ex-wife's testimony at a domestic relations hearing, which the presiding state judge characterized as "false" and "wildly inaccurate." (R. at 635).

previously brought . . . .").  She decided both rules were "independent and adequate state procedural grounds."  *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018) (quotation marks omitted).  Moreover, McCary had not demonstrated cause and prejudice excusing his procedural default or that a "failure to consider the claims [would] result in fundamental miscarriage of justice."[4]  *Id.* (quotation marks omitted).

With regard to his ineffective assistance of counsel claims, she decided McCary had exhausted the claim as to attorney R.I. by raising it with the CCA in state post-conviction proceedings.  The CCA, however, concluded the claim was too vague, conclusory, and speculative to satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 691, 694 (1984) (to establish ineffective assistance of counsel, a defendant must show he was prejudiced by counsel's deficient performance, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").  Because the state court decided the issue on the merits, McCary is entitled to relief only if the CCA's decision was (1) "contrary to" or "an unreasonable application of" *Strickland* or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *See* 28 U.S.C. § 2244(d).

"[A] state-court decision is 'contrary to' the Supreme Court's clearly established

---

[4] McCary raised *Martinez v. Ryan*, 566 U.S. 1 (2012), as cause to excuse the procedural default of his sentencing claims but the judge correctly decided *Martinez* only applies when the defaulted claim is an ineffective assistance of counsel claim.  *See infra* page 6.

law if it 'applies a rule that contradicts the governing law set forth in Supreme Court cases' or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from that precedent.'" *Newmiller v. Raemisch*, 877 F.3d 1178, 1194 (10th Cir. 2017) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "A state-court decision is an 'unreasonable application' of clearly established Supreme Court law if the decision 'correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 407-08). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Richter v. Harrington*, 562 U.S. 86, 101 (2011) (quotation marks omitted). A state court's application of federal law is only unreasonable if "all fairminded jurists would agree the state court decision was incorrect." *Frost v. Pryor*, 749 F.3d 1212, 1225 (10th Cir. 2014). "If, however, some fairminded jurists could possibly agree with the state court decision, then it [is] not unreasonable . . . ." *Id.* The judge decided McCary had not met this demanding standard.

The CCA's decision was not contrary to *Strickland*, the judge reasoned, because McCary had not cited any contradictory Supreme Court case or any materially indistinguishable Supreme Court decision that would compel a different result. She also found it was not unreasonable for the CCA to decide that McCary's ineffective assistance of counsel claim concerning attorney R.I. in 06-CR-997 was too vague and conclusory to satisfy the prejudice prong of *Strickland*. "Ultimately," she concluded McCary was not entitled to relief under the "unreasonable application" prong of § 2254(d)(1) because he

- 5 -

failed to show the CCA's decision to be "'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"[5] (R. at 658 (quoting *Richter*, 562 U.S. at 103).)

As to the ineffective assistance of counsel claim pertaining to attorney G.F., the judge concluded McCary had not exhausted this claim in state court. McCary admitted his failure to exhaust but argued the procedural default should be excused under *Martinez v. Ryan*, 566 U.S. 1, 16-17 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). The judge saw it differently; McCary could not rely on *Martinez* because his defaulted ineffective assistance of counsel claim was not "substantial," i.e., it lacked "some merit." *Id*. at 14. Since his ex-wife did not testify at trial in 06-CR-1641 and the convictions in that case rested on the neighbor's testimony, McCary could not show a deficiency in G.F.'s performance in failing to impeach her or prejudice flowing from the alleged failure. *See Strickland*, 466 U.S. at 691-92 (to establish ineffective assistance of counsel, a defendant must show he was prejudiced by counsel's deficient performance).

Finally, as to his *Brady* claim, the CCA decided McCary was aware of his ex-

---

[5] The judge did not address § 2254(d)(2) because McCary had made no unreasonable determination of facts argument.

wife's drug abuse at the time of trial in 06-CR-997 because he presented a "choice of evils" defense—claiming he remained in his ex-wife's home because she and her friend were using drugs and he was concerned for his children's safety. It also determined the alleged undisclosed exculpatory evidence (his ex-wife's arrest record, drug and alcohol use, and perjured testimony) was not "material" because it would not have affected the result of the trial given McCary's admissions. *See Brady*, 373 U.S. at 87 ("[T]he suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is *material* either to guilt or to punishment . . . ." (emphasis added)); *see also Cone v. Bell*, 556 U.S. 449, 469-70 (2009) ("[E]vidence is material within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." (quotation marks omitted)). The district judge decided the CCA's decisions were neither "contrary to" nor "an unreasonable application of" *Brady*. *See* 28 U.S.C. § 2254(d)(1).

Because the judge denied a certificate of appealability (COA), McCary renews his request here. It is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue one "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). McCary has not met his burden.

In his COA application, he reiterates the six claims he raised below but also raises eleven new claims.[6] We will not consider the late blooming claims. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (declining to consider additional claims that habeas petitioner did not present to the district court)*; see also United States v. Fishman*, 608 F. App'x 711, 712 (10th Cir. 2015) (unpublished) ("[A] district court cannot be debatably wrong on issues that are not fairly presented to or decided by it."). As to the six claims he did raise in the district court, the judge rejected each of them in two thorough and legally sound orders. McCary makes no effort to explain how the judge may have erred; he simply repeats the arguments he raised below hoping lightning will strike.[7] Because the result reached by the judge is not reasonably debatable, we **DENY** a COA and **DISMISS** this matter.

McCary filed a motion to proceed on appeal without prepayment of fees (*in forma*

---

[6] McCary initiated the proceedings in district court by filing a Fed. R. Civ. P. 60(b)(4) motion asking the judgments in 06-CR-997 and 06-CR-1641 to be declared void. A magistrate judge found the motion deficient because it sought habeas relief under 28 U.S.C. § 2254 but was not filed on the proper form. He ordered McCary to cure the deficiency. McCary then filed a § 2254 petition alleging sixteen claims. The magistrate judge reviewed that petition, found several deficiencies, and ordered him to file an amended petition. He did so, this time raising only six claims. He later sought to file a second amended petition, claiming he inadvertently omitted ten claims from the amended petition. The district judge denied his request because he had not attached a proposed second amended petition and had not meaningfully described the claims he wished to add or indicate whether they had been properly exhausted. Although the denial was without prejudice, McCary never provided a proposed amended complaint or described the claims he wished to add. Importantly, he has not challenged the judge's denial of leave to amend in his COA application.

[7] His COA application looks much like his § 2254 petition (except with additional claims) in that he simply lists his claims.

*pauperis* or *ifp*).  *See* 28 U.S.C. § 1915(a).  The *ifp* motion is **DENIED AS MOOT**.[8]

**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge

---

[8] The district judge originally allowed him to proceed *ifp* in the district court and did not reconsider the issue after deciding his § 2254 petition.  Accordingly, the *ifp* determination carries over to this appeal.  *See* Fed. R. App. P. 24(a)(3).