**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MONTERIAL WESLEY,

Defendant-Appellant.

No. 09-3307
(D.C. No. 2:07-CR-20168-JWL-2)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **SEYMOUR**, and **O'BRIEN**, Circuit Judges.

---

Mr. Monterial Wesley was indicted on twelve counts relating to a

conspiracy to distribute cocaine and cocaine base in and around Kansas City.[1]

After the jury was impaneled but before any evidence was presented, Mr. Wesley

pled guilty to four counts of the indictment, including conspiracy to manufacture,

to possess with intent to distribute, and to distribute fifty grams or more of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with the terms and conditions of Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Additional facts relating to this conspiracy are recited in *United States v. Foy*, No. 09-3314, ___ F.3d ____, (10th Cir. 2011).

cocaine base and to possess with intent to distribute and to distribute five kilograms or more of cocaine. He went to trial on the eight other counts, along with a number of co-defendants, and was subsequently convicted on two of them.

At the sentencing hearing, the district court found that Mr. Wesley was accountable for 150 kilograms of cocaine, had possessed a firearm, and did not qualify for an adjustment for acceptance of responsibility. The sentencing guideline range was calculated to be 324 to 405 months; the district court imposed a sentence of 360 months. On appeal, Mr. Wesley raises two issues. First, he argues the district court erred by relying on insufficient and unreliable evidence to determine the drug quantity attributable to him under U.S.S.G. § 2D1.1. Second, he claims he was entitled to a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) because he pled guilty to the most serious charge in the indictment. We affirm.

"Factual findings regarding drug quantities are reviewed for clear error and are reversed only if the district court's finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made." *United States v. Dalton*, 409 F.3d 1247, 1251 (10th Cir. 2005) (internal quotation marks omitted). "When the actual drugs underlying a drug quantity determination are not seized, the trial court may rely upon an estimate to establish the defendant's guideline offense level so long as the information relied upon has some basis of support in the facts of the particular case and bears sufficient

indicia of reliability." *Id.* (internal quotation marks omitted). "When choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of caution." *United States v. Richards*, 27 F.3d 465, 469 (10th Cir. 1994) (alteration and internal quotation marks omitted).

The district court relied on the trial testimony of Mr. Thomas Humphrey and the sentencing hearing testimony of Mr. Cruz Santa Anna to support its finding that Mr. Wesley was accountable for at least 150 kilograms of cocaine. The district court found that both witnesses were credible. With regard to Mr. Humphrey's testimony, the district court found that in 2007 alone, Mr. Humphrey sold at least five kilograms of cocaine to Mr. Wesley three times per month, totaling at least 165 kilograms.

Mr. Wesley contends Mr. Humphrey's testimony was inadequate to support the court's finding because Mr. Humphrey only testified about three specific occasions when he sold cocaine to Mr. Wesley. Although the district court noted Mr. Humphrey's testimony could have been clearer, the record provides sufficient support for the district court's conservative estimate.

The district court also found Mr. Santa Anna's testimony separately provided sufficient evidence that Mr. Wesley was responsible for at least 150 kilograms of cocaine. The district court found that between 2004 and July 2006, Mr. Wesley's co-conspirator Mr. Shevel Foy purchased thirty kilograms of

cocaine per month from Mr. Santa Anna, totaling 900 kilograms, and Mr. Wesley was present for forty percent of these purchases. In our related opinion of *United States v. Foy*, No. 09-3314, ___ F.3d ____, (10th Cir. 2011), we held that Mr. Foy was responsible for the full quantity of cocaine sold to Mr. Wesley in furtherance of their conspiracy. *See id.*, slip op. at 21 ("[I]n calculating drug quantity, the district court may consider, in the case of a jointly undertaken criminal activity, all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." (quoting U.S.S.G. § 1B1.3(a)(1)(B)) (alteration and internal quotation marks omitted)). Similarly, the district court could have attributed all of Mr. Foy's purchases from Mr. Santa Anna to Mr. Wesley. Instead, the court conservatively found Mr. Wesley accountable only for the approximately 360 kilograms purchased from Mr. Santa Anna while Mr. Wesley was present.

Mr. Wesley claims the district court erred in relying on Mr. Santa Anna's testimony because he only testified as to sales outside of the scope of the conspiracy. As we explained in *Foy*, however, "it is well-established that 'a sentencing court may look beyond the charges alleged in the indictment and may consider quantities of drugs not alleged in calculating a defendant's base offense level, provided the drugs were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.*, slip op. at 22 (quoting *United States v. Hamilton*, 587 F.3d 1199, 1221 (10th Cir. 2009)). The district court

made its findings based on conservative, cautious interpretations of the evidence. Given the ample evidence regarding the enormous quantity of drugs distributed in this conspiracy, the court clearly did not err in calculating the drug quantity attributable to Mr. Wesley.

Mr. Wesley also argues he was entitled to a two-point reduction in the level of his sentence for his acceptance of responsibility under U.S.S.G. § 3E1.1(a) because he pled guilty to conspiracy, the most serious charge against him, even though he went to trial on other counts. Pursuant to U.S.S.G. § 3E1.1(a), a defendant's base level offense is decreased by two levels if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "Determination of acceptance of responsibility is a question of fact reviewed under a clearly erroneous standard." *United States v. Tom*, 494 F.3d 1277, 1281 (10th Cir.2007) (internal quotation marks omitted). The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility and is therefore entitled to great deference on review. *United States v. Quarrell*, 310 F.3d 664, 682 (10th Cir. 2002) (quoting U.S.S.G. § 3E1.1, cmt. n.5). "Among the considerations used in determining whether a defendant should receive the acceptance of responsibility adjustment are whether the defendant admitted to the elements of the crimes and whether the defendant admitted to, or at least did not falsely deny, any other relevant conduct." *Id.* (citing U.S.S.G. § 3E1.1, cmt. n.1(a)).

The district court found that Mr. Wesley did not accept "the wrongfulness of what he did and the seriousness of what he did," and accordingly it determined that Mr. Wesley's case was not "the kind of . . . exceptional circumstance where acceptance of responsibility should be awarded even where someone went to trial."[2] Rec., vol. 9 at 1852. As the district court noted, although Mr. Wesley pled guilty to the conspiracy count, he "fully contest[ed] other issues in the case at trial, and . . . on a very thin basis contest[ed] things like quantity in the sentencing context." *Id.* These findings are not clearly erroneous. Because Mr. Wesley denied relevant conduct both while entering his guilty plea and during sentencing, the district court did not clearly err by declining to grant him a two-point reduction in his offense level for acceptance of responsibility.

For the foregoing reasons, we **AFFIRM** Mr. Wesley's sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[2] The district court gave Mr. Wesley "some credit" for pleading guilty to conspiracy, and noted that it was for this reason that Mr. Wesley was given a sentence in the middle of the guidelines range, rather than at the high end. *See* Rec., vol. 9 at 1851.