**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

STEVEN FISHMAN,

     Defendant - Appellant.

No. 17-5039
(D.C. Nos. 4:12-CV-00607-CVE-TLW &
4:07-CR-0195-CVE-4)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.
_____

Steven Fishman, a federal prisoner appearing pro se, requests a certificate of

appealability (COA) to appeal the district court's dismissal of his "Motion for Relief

from a Judgment or Order Due to a Disparity in Sentencing between Defendant Fishman

and Co-Defendant Thornburgh," ostensibly filed under Fed. R. Civ. P. 60(b)(1) and (6).

The district court determined the motion was in substance a second or successive motion

for relief under 28 U.S.C. § 2255, and dismissed it for lack of the circuit authorization

required by 28 U.S.C. § 2244(b)(3). Because the correctness of that disposition is not

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

debatable by reasonable jurists, we deny a COA and dismiss this appeal.  *See Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (stating standard for COA).

## I.  BACKGROUND

Mr. Fishman was convicted by a jury of conspiracy to commit mail and wire fraud

and conspiracy to commit money laundering, for which he was sentenced to 262 months'

imprisonment.  *See United States v. Fishman*, 645 F.3d 1175, 1180 (10th Cir. 2011)

(affirming conviction and sentence).  In 2012, he filed a § 2255 motion that included a

sentencing challenge regarding the calculation of his criminal history.  The disposition of

that challenge is necessary to an understanding of the motion under review here.

The § 2255 motion claimed, *inter alia*, that (1) the district court had erroneously

relied on a prior obstruction-of-justice conviction to raise Mr. Fishman's criminal history

from Category II to Category III, increasing his sentencing guideline range from 235-293

months to 262-327 months; and (2) his counsel had rendered ineffective assistance by

failing to object to this error.  Noting that the sentence for the obstruction conviction was

imposed on the same day as the sentence for another prior conviction (for mail fraud)

also counted in his criminal history, he contended that use of the obstruction conviction

amounted to double counting precluded by United States Sentencing Guideline Manual

(USSG) § 4A1.2(a)(2).  That section provides:

> If the defendant has multiple prior sentences, determine whether those
> sentences are counted separately or treated as a single sentence [for
> purposes of calculating criminal history points under USSG § 4A1.1].
> *Prior sentences always are counted separately if the sentences were
> imposed for offenses that were separated by an intervening arrest* (i.e., the
> defendant is arrested for the first offense prior to committing the second
> offense).  *If there is no intervening arrest, prior sentences are counted*

2

*separately unless* (A) the sentences resulted from offenses contained in the same charging instrument; or (B) *the sentences were imposed on the same day.* Treat any prior sentence covered by (A) or (B) as a single sentence

(Emphasis added). The district court rejected this claim because, according to undisputed facts recounted in the presentence investigation report (PSR), there was an intervening arrest between the two offenses: Mr. Fishman committed the obstruction offense after his arrest on the mail-fraud charge (indeed, the obstruction involved an attempt to fabricate evidence supporting his defense in the mail-fraud prosecution).[1] This court denied a COA and dismissed Mr. Fishman's ensuing appeal, in which he raised only new issues not included in his § 2255 motion. *See United States v. Fishman*, 608 F. App'x 711, 712 (10th Cir. 2015).

In January 2017, Mr. Fishman's co-defendant, Joseph Thornburgh, successfully challenged his sentence on the basis of a double-counting violation under USSG § 4A1.1(a)(2). Like Mr. Fishman, Mr. Thornburgh was assessed separate criminal history points for two convictions on which sentence had been imposed the same day. But in his case, the PSR stated that details about the convictions were unavailable, and the government conceded in response to Mr. Thornburgh's § 2255 motion that the imposition of separate criminal history points was improper. On resentencing, Mr. Thornburgh received a substantially shorter term.

---

[1] Mr. Fishman's argument in the § 2255 proceedings reflected a mistaken belief that the intervening-arrest condition in § 4A1.1(a)(2) requires a second arrest for the subsequent offense (here the obstruction charge). But the plain terms of that provision— and common sense—make it clear all that is required is that the "defendant [be] arrested for the first offense prior to committing the second offense."

After learning of Mr. Thornburgh's success, Mr. Fishman filed the instant motion, ostensibly under Rule 60(b). He contended that his double-counting claim (which he insisted was indistinguishable from Thornburgh's) had been valid, that the district court mistakenly denied the claim in his prior § 2255 proceeding, and that the resultant sentence disparity now evident between the two co-defendants required reconsideration of his sentence in light of 18 U.S.C. § 3553(a)(6).[2] The district court deemed the motion to be an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction consistent with *In re Cline*, 531 F.3d 1249 (10th Cir. 2008), concluding that a transfer to this court for possible authorization under § 2255(h) was unwarranted because there was "no risk that a meritorious successive claim [would] be lost," *id.* at 1252.

## II. DISPOSITION

The district court was, beyond debate, correct in treating Mr. Fishman's motion as an unauthorized second or successive § 2255 motion. To the extent the motion reasserted the § 4A1.1(a)(2) challenge to his sentence rejected in his prior § 2255 proceeding, it fell squarely within the established rule that a prisoner cannot evade second-or-successive constraints by invoking Rule 60(b) if his motion "in substance or effect asserts or reasserts a federal basis for relief from [his] underlying conviction [or sentence]." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (explaining and applying

---

[2] Section 3553(a)(6) specifies as one of the factors to be considered in sentencing "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

4

*Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)).[3]  To the extent the motion asserted that the district court wrongly decided the § 4A1.1(a)(2) claim in the prior proceeding, it fell squarely within the associated principle that Rule 60(b) does not apply if a prisoner seeks to vindicate a claim denied in a prior § 2255 proceeding "by challenging the [district] court's previous ruling on the merits of that claim."[4]  *Id.* at 1216; *see also Gonzalez*, 545 U.S. at 532.  And the associated objection regarding sentence disparity was inseparably tied to and dependent upon the underlying § 4A1.1(a)(2) claim.[5]

It is also beyond debate that the district court properly exercised its discretion to dismiss rather than transfer Mr. Fishman's motion to this court for possible authorization under § 2255(h).  Nothing in the motion suggests he could meet the requirements for authorization.  His sentencing challenge, in contrast to a challenge to conviction, cannot satisfy the requirement in § 2255(h)(1) that the prisoner present new evidence to show "that no reasonable factfinder would have found him *guilty* of the [underlying] *offense*." (Emphasis added).  Nor does his challenge rely on a "new rule of constitutional law,

---

[3] *Gonzalez* and *Spitznas* arose in the habeas context, but we have applied their holdings in the context of § 2255 motions as well.  *See, e.g.*, *United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013).

[4] Mr. Fishman challenged the previous denial of his claim on the merits; he did *not* challenge "a procedural ruling . . . which precluded a merits determination" or "a defect in the integrity of the [§ 2255] proceeding," *Spitznas*, 464 F.3d at 1216.

[5] In his appellate brief Mr. Fishman advances additional complaints regarding the disparity between his sentence and that ultimately imposed on Mr. Thornburgh when Thornburgh was resentenced.  But our review here is limited to the grounds asserted by Mr. Fishman in the motion dismissed by the district court, in which he relied solely on the divergent outcomes of the § 4A1.1(a)(2) objections asserted by the co-defendants in their respective § 2255 motions,  *see* Aplt. Opening Br. and App. for a COA, Ex. A.

made retroactive to cases on collateral review by the Supreme Court," as required to satisfy § 2255(h)(2). Moreover, as the district court noted (and indeed determined in connection with Mr. Fishman's prior § 2255 motion), his § 4A1.1(a)(2) claim itself lacks merit.

The request for a COA is denied and the appeal is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk