**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VERNON EARL COLEMAN,

    Defendant - Appellant.

No. 17-2067
(D.C. No. 2:10-CR-02603-WJ-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Vernon Earl Coleman, a federal prisoner appearing pro se, requests a certificate of

appealability (COA) to appeal the district court's dismissal of his "Motion to

Correct Sentence." He was convicted in 2011 of possession with intent to distribute

100 kilograms and more of marijuana and sentenced to 164 months' imprisonment. After

a number of unsuccessful collateral challenges to his conviction and sentence, he filed the

instant motion asking to be sentenced based on a criminal history category of IV and an

offense level of 31 (with a further reduction of 3 points for acceptance of responsibility),

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which he claimed had been the judge's direction at the sentencing hearing.[1]  The district court determined that the motion was in substance a second or successive motion for relief under 28 U.S.C. § 2255, and dismissed it for lack of the circuit authorization required by 28 U.S.C. § 2244(b)(3).  Because the correctness of that disposition is not debatable by reasonable jurists, we deny a COA and dismiss this appeal.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating standard for COA).

In his combined opening brief and request for a COA, Mr. Coleman just reasserts the substantive claim advanced in his motion, without addressing the dispositive jurisdictional deficiency explained by the district court.  The motion, which sought to remedy an alleged error in his sentence, fell squarely under § 2255 (providing remedy for claim that "sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack").  *See also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (unless inadequate or ineffective, a motion for relief under § 2255 is "[t]he exclusive remedy for testing the validity of a judgment and sentence" (internal quotation marks omitted)).  And, as the district court explained, before a second or successive § 2255 motion may be pursued, the defendant must obtain authorization from the circuit court under 28 U.S.C. §§ 2255(h) and 2244(b)(3).  *See*

---

[1] Actually, the court's statement of reasons for sentence reflects application of the career-offender guideline (consistent with the presentence report the court expressly adopted) based on prior drug offenses, resulting in use of criminal history category VI and an offense level of 34 (reduced to 31 for acceptance of responsibility).  *See* United States Sentencing Guideline Manual § 4B1.1(b)(2).  The court's reference to category IV in the sentencing excerpt cited by Mr. Coleman is not to the contrary; it was simply observing that, with a 24-month downward variance it was giving Mr. Coleman (for other reasons), the result was consistent with a criminal history category IV sentence, though the court expressly disavowed departing downward with respect to criminal history.

*In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).  Mr. Coleman's failure to do this left the district court with only two options, neither of which entailed granting him any relief on the merits:  either dismiss the motion for lack of jurisdiction or transfer it to this court to allow Mr. Coleman to seek authorization.  *See id.* at 1252.  The district court followed clear circuit precedent in choosing the first option.

A district court properly exercises its discretion in dismissing rather than transferring an unauthorized second or successive § 2255 motion "[w]here there is no risk that a meritorious successive claim will be lost," as when the motion "fails on its face to satisfy any of the authorization standards of § 2255(h)," *In re Cline*, 531 F.3d at 1252.  That is the case here.  Mr. Coleman's sentencing challenge, in contrast to a challenge to a conviction, cannot satisfy the requirement in § 2255(h)(1) that a prisoner present new evidence to show "that no reasonable factfinder would have found him *guilty* of the [underlying] *offense*."  (Emphasis added); *see also In re Webster*, 605 F.3d 256, 257 (5th  Cir. 2010) (noting plain language of § 2255(h)(1) compels conclusion that it cannot be satisfied by defendant challenging sentence rather than conviction).  Nor does his claim rely on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," as required to satisfy § 2255(h)(2).  Thus, it would have been patently futile to transfer Mr. Coleman's claim for consideration of authorization under § 2255(h)—as the district court made clear in its decision.

We deny a COA and dismiss this appeal.  Mr. Coleman's motion for leave to proceed in forma pauperis is denied because he has not advanced a reasoned argument on the law or facts in support of the appeal.  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505

(10th Cir. 1991). He is reminded that he remains responsible for paying the full filing fee for this appeal. *See* 28 U.S.C. § 1915(a), (b).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk