FILED
**United States Court of Appeals**
**Tenth Circuit**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

| | |
|---|---|
| In re: MONTERIAL WESLEY,<br><br>Movant. | No. 25-3075<br>(D.C. Nos. 2:12-CV-02704-JWL &<br>2:07-CR-20168-JWL-2)<br>(D. Kan.) |

_____

**ORDER**
_____

Before **HARTZ**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Monterial Wesley pled guilty to four drug-trafficking counts, was convicted of two more at trial, and was sentenced to 30 years in prison based on the drug quantity attributed to him. His direct appeal and motions under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c) were unsuccessful. He then moved under Federal Rule of Civil Procedure 60(b)(6) to reopen his § 2255 proceeding.[1] The district court viewed the motion as an unauthorized second or successive § 2255 motion and transferred it here, where Mr. Wesley has asked us to remand to the district court to consider his 60(b) motion or grant authorization to file a second or successive § 2255 motion.

---

[1] Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for five specific reasons, or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

For the reasons that follow, we find that part of Mr. Wesley's motion is a "true" 60(b) motion, and we remand that part to the district court. The rest of the motion, as supplemented here, asserts two successive § 2255 claims based on alleged new evidence. We deny authorization to bring those claims. The first one challenges his sentence based on new evidence, but § 2255(h)(1), which governs second or successive authorizations, authorizes challenges to convictions but not sentences. The second claim challenges one of his convictions based on the same new evidence, but Mr. Wesley cannot show that the alleged new evidence would be sufficient to undermine his guilt.

## I.  BACKGROUND

### A. *Charges, Convictions, Appeal*

Mr. Wesley was charged with 13 counts for his participation in a large cocaine-trafficking conspiracy. Before trial, he pled guilty to conspiracy to distribute (among other things) at least 50 grams of crack cocaine and 5 kilograms of powder cocaine (Count 1), and three counts of using a phone to facilitate drug trafficking. At trial, he was convicted of two counts of attempted possession with intent to distribute at least 5 kilograms of cocaine (Counts 22 and 38).

At sentencing, the district court found that Mr. Wesley was accountable for 150 kilograms of cocaine, possessed a firearm in connection with his offenses, and did not qualify for an acceptance-of-responsibility adjustment. The court sentenced him to 30 years in prison, which fell within his Sentencing Guidelines range.

On direct appeal, we affirmed the sentence, rejecting Mr. Wesley's arguments that the district court relied on insufficient and unreliable evidence to determine the drug

2

quantity attributable to him and should have given him the acceptance-of-responsibility adjustment. *United States v. Wesley*, 423 F. App'x 838, 839, 841 (10th Cir. 2011).

### B. *Section 2255 and 3582(c) Motions*

In his § 2255 motion, Mr. Wesley asserted six claims of ineffective assistance of trial and appellate counsel, including that his trial counsel failed to adequately challenge the drug quantity attributable to him. The district court denied the § 2255 motion, and this court denied a certificate of appealability.

In his § 3582(c) motion, Mr. Wesley sought a sentence reduction to 15 years. He alleged that "his prosecutor suborned perjury about the drug quantities attributable to him, in turn increasing his sentencing exposure." *United States v. Wesley*, 60 F.4th 1277, 1279 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2649 (2024). The district court concluded that this "claim of prosecutorial misconduct must be interpreted as a challenge to the constitutionality of [Mr. Wesley's] conviction and sentence, which can only be brought under § 2255." *Id.* Because Mr. Wesley had not obtained authorization from this court to file a second or successive § 2255 motion, the district court dismissed that portion of the § 3582(c) motion for lack of jurisdiction. We affirmed, "holding that a [] § 3582(c) motion may not be based on claims specifically governed by [] § 2255." *Wesley*, 60 F.4th at 1289.

### C. *Rule 60(b) Motion*

Mr. Wesley then filed his pro se 60(b) motion to reopen his § 2255 proceedings. He argued that because he had new evidence that the prosecutor suborned perjury, the district court should reconsider the constitutionality of his 30-year sentence. He also

3

asserted the prosecutor had perpetrated a fraud on the court, which affected the integrity of his § 2255 proceeding, by responding falsely to his § 2255 motion.

In response, the government argued that Mr. Wesley had filed a successive § 2255 motion, which required him to secure authorization from this court before filing it. The government did not address the fraud-on-the-court assertion.

Mr. Wesley replied, admitting uncertainty about whether he had filed a "true" Rule 60(b) motion or a successive § 2255 motion. He reiterated that "[n]ot only did [the prosecutor] commit fraud in the underlying prosecution, she committed a fraud on the Court when she responded falsely to Wesley's original 2255 motion. Thus, her actions infected 'the integrity of a federal habeas corpus proceeding that could be challenged in a Rule 60(b) motion.'" Prelim. R. at 65-66 (quoting *United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013)).

In its Memorandum and Order, the district court agreed with the government, concluding that Mr. Wesley's motion "unquestionably attacks the validity of his conviction or sentence, as opposed to asserting a defect in the integrity of the habeas proceeding." App., vol. I at 52. The court did not acknowledge or address Mr. Wesley's assertion about the prosecutor responding untruthfully to his § 2255 motion. It then transferred the motion to this court for Mr. Wesley to seek authorization to file a successive § 2255 motion.

### D. *Supplemental Motion in this Court*

Mr. Wesley next filed a pro se motion for authorization in this court, largely duplicating his Rule 60(b) motion in district court. We appointed counsel for him and

ordered counsel to file a supplemental motion specifically addressing whether § 2255(h)(1) may authorize a movant to challenge only his sentence in a second or successive § 2255 motion.

In his supplemental motion, Mr. Wesley argues we should remand his motion because it is a "true" 60(b) motion that the district court should consider. But if his motion is a successive § 2255 motion, he argues that we should authorize his successive claim based on the new evidence of the prosecutor's misconduct because § 2255(h)(1) includes challenges to sentences as well as convictions. His supplemental motion adds a new claim challenging one of his convictions based on the new evidence.

## II. **DISCUSSION**

The following discussion concludes:

A. Mr. Wesley's Rule 60(b) motion is mixed—part "true" 60(b) and part § 2255 successive motion. The portion of his motion claiming the prosecutor committed fraud on the court in the § 2255 proceedings is a true 60(b) claim, so we remand that part for further consideration.

B. We deny Mr. Wesley's request to authorize filing of his successive § 2255 claim challenging his sentence based on alleged new evidence of prosecutorial misconduct because authorization under § 2255(h)(1) is limited to challenges to convictions.

C. We also deny Mr. Wesley's request to authorize his successive § 2255 claim based on alleged new evidence that the prosecutor suborned witness perjury on the drug transaction amount because he cannot show no reasonable jury would have found him guilty in light of the new evidence.

5

A. *Mixed Rule 60(b) Motion – True 60(b) and Successive § 2255 Claims*

1. **Legal Background**

In *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005), the Supreme Court discussed how to determine if a Rule 60(b) motion is a true 60(b) motion or a successive 28 U.S.C. § 2254 habeas claim. If a motion "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim on the merits," those are successive habeas claims. *Id.* at 532 (emphasis omitted). But "[t]hat is not the case . . . when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." *Id.* "Fraud on the habeas court is one example of such a defect." *Id.* at 532 n.5.

In *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), we explained that

> Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it . . . challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Id.* at 1215-16 (citation omitted). In *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006), we said the *Gonzalez* analysis applies when the underlying habeas proceeding concerns a § 2255 motion.

In *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012), we said the words "*lead inextricably*" in *Spitznas* "should not be read too expansively" and "should not be read to say that a motion is an improper Rule 60(b) motion if success on the motion would ultimately lead to a claim for relief under § 2255." We also declined to follow *Spitznas*'s

dictum suggesting arguments of "fraud in the § 2255 proceedings [should be treated] as a second-or-successive claim [if] the alleged fraud . . . in the § 2255 proceedings paralleled the misconduct that allegedly occurred at trial." *Pickard*, 681 F.3d at 1206.

2. **Analysis**

Mr. Wesley asserts the district court improperly construed his 60(b) motion as a second or successive § 2255 motion. He contends his "60(b) motion properly argues that [the prosecutor's] untruthful response to his § 2255 [motion] 'draws into question the integrity of the habeas proceedings in this instance.'" Suppl. Mot. at 8 (quoting App., vol. I at 42).

The government responds that Mr. Wesley's motion is a successive § 2255 motion because it "'unquestionably attacks' his prosecution and not his § 2255 proceedings." Gov't Resp. at 7 (quoting App., vol. I at 52). It asserts "[t]he real issue in Wesley's motion is his claim that the prosecutor committed misconduct in his criminal proceedings by pressuring witnesses to inflate drug quantities attributable to him, which increased his sentence." *Id.* at 7-8. It acknowledges that Mr. "Wesley's motion states in passing that the denial of his first § 2255 motion should be reopened 'based on [] newly discovered evidence that [the prosecutor] perpetrated a fraud on the Court in responding untruthfully to [his] § 2255 motion, which draws into question the integrity of the habeas proceedings in this case.'" *Id.* (quoting App., vol. I at 41-42) (brackets in original). But the government argues that "those isolated and conclusory statements do not reflect the real issue presented in the motion." *Id.*

The parties take an all-or-nothing approach to this question, arguing the 60(b) motion is either entirely a true 60(b) motion (Mr. Wesley) or a successive § 2255 motion (the government). But *Spitznas* contemplated the possibility of a mixed motion that contains both a true 60(b) argument and a successive § 2255 claim. *See Spitznas*, 464 F.3d at 1217 ("In the case of a 'mixed' motion—that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims—the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization."). In *Pickard*, we agreed with the district court's treatment of a *Brady/Giglio*[2] claim as a successive § 2255 claim, but we remanded for the district court to consider the defendants' distinct argument that the government made a false statement in the § 2255 proceedings that affected the defendants' ability to obtain discovery to prove the *Brady/Giglio* claim. *See* 681 F.3d at 1202-03, 1205-06, 1207. This case is similar to *Pickard*.

Mr. Wesley asserts the prosecutor committed fraud on the court when she falsely responded to his original § 2255 motion, which is distinct from the misconduct he alleged she committed in his underlying prosecution in suborning perjury concerning drug type

---

[2] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." In *Giglio v. United States*, 405 U.S. 150, 152-55 (1972), the Court held that nondisclosure of the government's agreement to grant leniency to a witness in exchange for trial testimony violates due process if that information would be material to the judgment of the jury.

and quantity. Although the government attacks Mr. Wesley's fraud-on-the court allegations as conclusory, the question is how to characterize Mr. Wesley's 60(b) motion. "[O]ur task is not to ascertain the truth of [Wesley's] allegations but to decide which tribunal should resolve the matter." *Pickard*, 681 F.3d at 1205. On its face, Mr. Wesley's fraud-on-the-court argument alleges a defect in his § 2255 proceeding, which properly states a 60(b) argument. *See id.* at 1206.

We therefore conclude that Mr. Wesley filed a mixed motion. As a result, we remand the 60(b) part of the motion to the district court. *See Spitznas*, 464 F.3d at 1219. But Mr. Wesley's claims alleging new evidence of prosecutorial misconduct in his underlying prosecution are second or successive § 2255 claims requiring this court's authorization.

B. ***Sentence Challenge Based on New Evidence of Suborned Perjury***

Mr. Wesley's motion challenges his sentence based on new evidence of prosecutorial misconduct that allegedly affected the district court's finding of the drug amount underlying his 30-year sentence.[3] He relies on § 2255(h)(1) for authorization to

---

[3] This evidence included (1) an affidavit from Clinton Holman that the prosecutor successfully pressured him to testify falsely at trial that Mr. Wesley sold him cocaine instead of marijuana, (2) a written "deposition" from Henry Grigsby (really just a written statement) that the prosecutor wanted him to testify that Mr. Wesley sold him two kilograms of crack, but he did not agree to do so because Mr. Wesley had sold him only powder cocaine, App., vol. II at 137; and (3) an affidavit from and interview report of Maurice Matches stating the prosecutor pressured him to testify falsely about purchasing large quantities of drugs from Mr. Wesley and another co-conspirator, but he did not testify at trial. Thus, Mr. Wesley's new evidence at most shows only one witness testified falsely at trial.

file a successive § 2255 motion.  He must therefore make a prima facie showing of

"newly discovered evidence that, if proven and viewed in light of the evidence as a

whole, would be sufficient to establish by clear and convincing evidence that no

reasonable factfinder would have found the movant guilty of the offense."  28 U.S.C.

§ 2255(h)(1); *see also id.* § 2244(b)(3)(C) (establishing the prima facie standard).  We

deny his request for authorization because "guilty of the offense" in § 2255(h)(1) covers

convictions and not sentences.

Mr. Wesley argues that "offense" in § 2255(h)(1) permits authorization of second

or successive § 2255 motions based on sentencing challenges.  But every circuit to

consider this question has held that § 2255(h)(1)'s plain language does not reach such

challenges.[4]  We join those circuits.[5]

_____

[4] *See In re Webster*, 605 F.3d 256, 257 (5th Cir. 2010) ("We now conclude that a
petitioner cannot bring a successive claim under § 2255(h)(1) where he does not assert
that the newly discovered evidence would negate his guilt of the offense of which he was
convicted . . . . That result is compelled by the plain language of § 2255(h)(1), which
does not encompass challenges to a sentence."); *In re Dean*, 341 F.3d 1247, 1248
(11th Cir. 2003) ("Section 2255's newly discovered evidence exception . . . does not
apply to claims asserting sentencing error.  On the contrary, the exception applies to
'newly discovered evidence that . . . would be sufficient to establish by clear and
convincing evidence that no reasonable factfinder would have found the movant *guilty of
the offense*.'" (quoting § 2255(h)(1)) (emphasis in original) (citation omitted)); *In re Vial*,
115 F.3d 1192, 1198 (4th Cir. 1997) (en banc) (holding that the newly discovered
evidence provision "applies only to challenges to the underlying conviction; it is not
available to assert sentencing error"); *Hope v. United States*, 108 F.3d 119, 120
(7th Cir. 1997) ("We conclude that a successive motion . . . may not be filed on the basis
of newly discovered evidence unless the motion challenges the conviction and not merely
the sentence.").

[5] We have denied a certificate of appealability in two instances on grounds
consistent with the aforementioned out-of-circuit cases.  In both, the district court
dismissed rather than transferred an unauthorized successive § 2255 motion when it could

Black's Law Dictionary defines the adjective "guilty" as "[h]aving committed a crime," such as "guilty of armed robbery." *Guilty*, Black's Law Dictionary (12th ed. 2024). And it defines the noun "guilty" as "a plea of a criminal defendant who does not contest the charges" or a "jury verdict convicting the defendant of the crime charged." *Id.* It defines "offense" as "[a] violation of the law; a crime." *Offense*, Black's Law Dictionary (12th ed. 2024). These ordinary meanings show that for authorization under § 2255(h)(1), the new evidence must undermine a conviction, not a sentence.

As the government notes, Mr. "Wesley was not guilty of 360 months of imprisonment, he was guilty of conspiracy to distribute and attempting to possess with intent to distribute cocaine and other related charges." Gov't Resp. at 10 (internal quotation marks omitted). And as the Fifth Circuit observed in *Webster*, "Had Congress wanted the provision to cover challenges to a sentence . . . it easily could have referenced sentences explicitly in the text, as it did numerous times throughout § 2255." 605 F.3d at 258. Instead, it used "the markedly different, unmistakable terms of *guilt of the offense*." *Id.* at 259.

Mr. Wesley's counterarguments are not persuasive.

---

not meet § 2255(h)(1)'s authorization requirements. *See United States v. Fishman*, 701 F. App'x 707, 710 (10th Cir. 2017) (concluding the district court properly dismissed the successive § 2255 claim because prisoner's "sentencing challenge, in contrast to a challenge to [a] conviction, cannot satisfy the requirement in § 2255(h)(1) that the prisoner present new evidence to show 'that no reasonable factfinder would have found him *guilty* of the [underlying] *offense*'" (quoting § 2255(h)(1) (brackets and emphasis in original)); *United States v. Coleman*, 692 F. App'x 966, 968 (10th Cir. 2017) (same).

First, he argues that we should read "offense" in § 2255(h)(1) more broadly based on a slight difference between the new-evidence authorization standard for state-prisoner § 2254 habeas petitions in § 2244(b)(2)(B)(ii)—"guilty of the underlying offense"—and for federal-prisoner § 2255 motions in § 2255(h)(1)—"guilty of the offense." He contends "[t]his difference between § 2244 and § 2255 requires a broader reading of the range of new evidence permissible under § 2255(h)(1)." Suppl. Mot. at 16. We fail to see how the omission of "underlying" in § 2255(h)(1) broadens "offense" to include sentencing challenges.

Second, he argues that drug quantities that increase a defendant's statutory maximum sentence are treated as elements of the offense, and facts that increase sentencing exposure under the Guidelines should be treated the same. He suggests that "[t]he distinction between the elements of an offense and sentencing factors depends on function rather than label," and argues that "the characterization of critical facts as either sentencing enhancements or elements of an offense is constitutionally irrelevant." Suppl. Mot. at 16 (internal quotation marks omitted). He therefore asserts that "offense" should encompass the district court's sentencing finding that he was responsible for 150 kilograms of cocaine. But he also recognizes that "the Supreme Court has yet to embrace this broader definition of offense." *Id*. at 17. And even if drug quantity was an element of Mr. Wesley's drug offenses, it does not follow that § 2255(h)(1) permits authorization of his second or successive § 2255 motion challenging his sentence.

Third, he argues that limiting "guilty of the offense" in § 2255(h) to convictions would violate the Suspension Clause, which provides that "[t]he Privilege of the Writ of

12

Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. But he acknowledges the Supreme Court has rejected that the statutory restrictions on second or successive habeas § 2254 petitions amount to a suspension of the writ. *See* Suppl. Mot. at 18 (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). Although *Felker* addressed second or successive restrictions on state prisoners filing § 2254 habeas petitions, in *Hale v. Fox*, 829 F.3d 1162 (10th Cir. 2016), we relied on *Felker* to reject a federal prisoner's suspension-clause challenge under § 2255(h)(1).

Fourth, Mr. Wesley argues that a conviction-only reading of § 2255(h) could leave sentencing errors uncorrected. But if this reading comports with the statute's plain meaning, this argument is more appropriately directed to Congress. The Supreme Court has explained that the statutory restrictions on second or successive motions "constitute a modified res judicata rule, and thus embody Congress's judgment regarding the central policy question of postconviction remedies—the appropriate balance between finality and error correction." *Jones v. Hendrix*, 599 U.S. 465, 491 (2023) (citation and internal quotation marks omitted).

\* \* \* \*

In sum, relying on the plain meaning of "guilty of the offense," we join the other circuits that have decided the issue and hold that § 2255(h)(1) provides for authorization

13

of successive § 2255 motions challenging convictions based on new evidence but not sentences.[6]

### C. *Conviction Challenge Based on New Evidence of Suborned Perjury*

In his supplemental motion to this court, Mr. Wesley added a claim challenging one of his convictions based on the same alleged new evidence he relies on to challenge his sentence. We deny authorization to file this successive § 2255 claim.

Count 22 charged Mr. Wesley with attempted possession with intent to distribute 5 kilograms of cocaine. It was based on a drug deal between Mr. Wesley and co-defendant Thomas Humphrey on September 13, 2007. At trial, the government introduced intercepted telephone calls in which Mr. Wesley arranged to meet with Mr. Humphrey that day, and a photograph of Mr. Wesley getting a bag out of Mr. Humphrey's truck. *See* Transcript of Trial Proceedings, vol. 2 at 1464-67, United States v. Humphrey, No. 2:07-cr-20168-JWL (D. Kan. filed Nov. 5, 2009), Dkt. No. 1112. Mr. Humphrey testified the bag contained cocaine, *id.* at 1467, and when asked how much cocaine he would have sold on that date, he said a minimum of

---

[6] We limit this holding by noting a circuit split on the scope of the new evidence provision in § 2254(b)(2)(B)(ii) and § 2255(h)(1) in death penalty cases. *Compare Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999) (holding § 2244(b)(2)(B)(ii) encompasses death-sentence challenges), *with In re Webster*, 605 F.3d 256, 258-59 (5th Cir. 2010) (holding § 2255(h)(1) does not encompass death-sentence challenges), *and In re Jones*, 137 F.3d 1271, 1273-74 (11th Cir. 1998) (holding § 2244(b)(2)(B)(ii) does not encompass death-sentence challenges). Because this case does not involve the death penalty, we do not address that issue here.

5 kilograms, *id.* at 1475.[7] Mr. Humphrey also testified about other drug transactions where Mr. Wesley purchased 5 kilograms of cocaine from him around the same time as the transaction in Count 22. *See*, *e.g.*, *id.* at 1442-43, 1472-75, 1482-88. This included testimony about the November 27, 2007 transaction, *see id.* at 1482-88, which was the basis for Mr. Wesley's unchallenged conviction on Count 38. The jury found Mr. Wesley guilty of Count 22's lesser included offense of attempted possession with intent to distribute 500 grams or more but less than 5 kilograms of cocaine.[8]

Mr. Wesley argues the jury must not have believed Mr. Humphrey's testimony about the drug amount because it found the amount was less than the 5 kilograms that was charged. He further contends his new evidence shows the prosecutor forced witnesses to lie about drug quantities. He concludes that no reasonable factfinder would have found him guilty of the lesser-included offense. We disagree.

Mr. Wesley fails to point to any evidence that would allow a reasonable factfinder to conclude that the Count 22 transaction involved less than 500 grams of cocaine. His theory that the jury must not have believed Mr. Humphrey's testimony about selling him 5 kilograms finds no support in any new evidence. As the government suggests, "Perhaps the jury concluded that, without the drugs in evidence, [Mr.] Humphrey's

---

[7] The government notes in its response that those drugs "were not recovered." Gov't Resp. at 17.

[8] The verdict form asked the jury to select a drug quantity if they found Mr. Wesley guilty of Count 22. The options were: 5 kilograms or more; 500 grams or more but less than 5 kilograms; and less than 500 grams.

estimation of the weight might not have been precise." Gov't Resp. at 17. In any event, at sentencing, in response to Mr. Wesley's challenges to Mr. Humphrey's credibility as to drug quantity, the district court found Mr. Humphrey's trial testimony credible. *See* Transcript of Sentencing Proceedings at 93-94, United States v. Humphrey, No. 2:07-cr-20168-JWL (D. Kan. filed Feb. 1, 2010), Dkt. No. 1174. Wesley has presented no evidence that Mr. Humphrey testified falsely about the amount of cocaine involved in the Count 22 drug transaction.

Even more telling, Mr. Wesley's alleged new evidence that the prosecutor pressured other witnesses to increase the amount of drugs attributable to him does not even concern Count 22. Indeed, he identified only one witness who claims to have testified falsely at his trial—his cousin, Clinton Holman—and Mr. Holman did not testify about the Count 22 drug transaction.

Mr. Wesley has failed to make a prima facie showing that his new evidence that Mr. Holman testified falsely, "viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of [Count 22]." § 2255(h)(1).

## III. **CONCLUSION**

We (1) remand Mr. Wesley's Rule 60(b) fraud-on-the court argument to the district court, (2) deny his motion for authorization to file a second or successive § 2255 motion, and (3) grant Mr. Wesley's unopposed Motion for Judicial Notice.

Entered for the Court

Per Curiam